UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD PLIMAN,

Petitioner,

v.

JOSHUA PRUDHEL,

Respondent.

No. 2:25-cv-2254 DC AC P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), which respondent has moved to dismiss as untimely (ECF No. 13). In response to the motion, petitioner states that he opposes the motion and requests a stay of this case on the grounds that he was "duped into hiring the law firm of 'Spolin and Dukes'" and that he learned last month that "Aaron Spolin was stealing money from inmate families under the pretense he would represent the inmate in federal court." ECF No. 15.

Petitioner articulates no legal basis for a stay, and the court is aware of none. A petitioner may request a stay of their federal habeas proceedings in order to return to state court to fully exhaust their claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016) (court may stay both mixed and fully unexhausted petitions while petitioner returns to state court to exhaust claims); King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009) (court may stay a fully exhausted petition while petitioner returns to state court to exhaust new claims). However, petitioner does not

1

identify any currently unexhausted claims that he seeks to return to state court to pursue. Nor does he give any indication as to the purpose of the requested stay other than to "straighten-out this procedural mess caused." Id. Petitioner therefore fails to state a valid basis for staying this case and the request will be denied. Instead, petitioner will be provided an opportunity to file a supplemental opposition to the motion to dismiss that should directly address respondent's assertion that the petition is untimely.

To the extent it appears that petitioner may be attempting to claim that he is entitled to equitable tolling of the statute of limitations, a habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and some quotation marks omitted). If petitioner believes that he is entitled to equitable tolling, he should provide information showing that he is so entitled. This includes specific information regarding any extraordinary circumstances that he believes entitle him to tolling, the dates that those circumstances existed, and what steps he took to pursue the petition during that time. General claims that counsel was ineffective are not sufficient to support a claim for equitable tolling.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for a stay (ECF No. 15) is DENIED without prejudice;

/////

2. Within twenty-one days of the service of this order, petitioner may file a supplemental opposition to the motion to dismiss; and

3. Respondent may file a reply within fourteen days of the filing of a supplemental opposition or, if no supplemental opposition is filed, within fourteen days of the date a supplemental opposition is due.

DATED:  March 4, 2026.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE