UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD PLIMAN,<br>Petitioner,<br>v.<br>JOSHUA PRUDHEL,<br>Respondent. | No. 2:25-cv-2254 DC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner seeking federal habeas relief under 28 U.S.C. § 2254. The case is before the court on respondent's motion to dismiss (ECF No. 13).

I. Background

The pro se petition, filed in 2025, challenges a 2018 conviction. ECF No. 1 at 1. Petitioner alleges that his guilty plea was the result of ineffective assistance of counsel. Id. at 4. Respondent moves to dismiss the petition as time-barred. ECF No. 13. In opposition, petitioner requested a stay but failed to address the timeliness issue. ECF No. 15. The undersigned denied the request for a stay without prejudice as unsupported, and provided additional time for petitioner to file a supplemental opposition. ECF No. 16. Because petitioner's request for a stay had referenced an unethical attorney soliciting incarcerated clients, the court provided information regarding the standards for equitable tolling as it relates to the statute of limitation. Id. Petitioner requested and obtained an extension of time to file a supplemental opposition, ECF

Nos. 17 & 18, but never did so.

II. The Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is subject to two types of tolling. Statutory tolling pauses the running of the limitations period during the time that a "properly filed" application for state post-conviction review is pending in state court. 28 U.S.C. § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 8 (2000). Equitable tolling may be granted where a petitioner demonstrates that his failure to file within the limitations period was caused by an "extraordinary circumstance" and that he was diligently pursuing relief despite that impediment. Holland v. Florida, 560 U.S. 631, 649 (2010); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

III. State Court Procedural History

Respondent has provided the state court record relevant to petitioner's conviction, ECF No. 14, which establishes the following timeline. Petitioner was convicted in Sacramento County of second degree robbery and related charges. He was sentenced on March 22, 2018. ECF No. 14-1. He did not appeal, but filed numerous state habeas petitions over the years. Petitioner filed a petition for writ of habeas corpus in the superior court in September of 2018, which was denied in November of that year. ECF Nos. 14-2, 14-3. In 2019, he filed petitions in the superior court, the Court of Appeal, and the California Supreme Court. ECF Nos. 14-4 through 14-9. In 2020 he

filed a petition in the superior court. ECF Nos. 14-10, 14-11. In 2024, he filed petitions in the superior court, the Court of Appeal, and the California Supreme Court. ECF Nos. 14-12 through 14-17. In 2025, he filed another petition in the superior court. ECF Nos. 14-18, 14-19.

IV. Discussion

Petitioner's conviction became final when the 60-day period to appeal his conviction expired on May 21, 2018. See Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).[1] Accordingly, the limitations period began running on May 22, 2018. Absent tolling, petitioner accordingly had until May 21, 2019, to file his federal petition.

Respondent acknowledges that petitioner is entitled to statutory tolling for the pendency of his first state habeas petition. ECF No. 13 at 5. The court agrees that the limitations clock which began running on May 22, 2018, stopped 118 days later, when petitioner filed his initial application for relief in the superior court on September 17, 2018. When that petition was denied on November 30, 2018, the limitations period resumed running. At that time, petitioner had 247 days remining of his 365 day limitation period. Accordingly, absent further tolling, his deadline was August 5, 2019.

Petitioner's second state court petition, which was filed on May 14, 2019, did not stop the clock because it was not "properly filed." The superior court denied this petition as successive. ECF No. 14-5. An application for state post-conviction relief that is denied for noncompliance with state habeas procedural rules is not "properly filed" and therefore does not support tolling. Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005). The subsequent summary denials by the higher California Courts are presumed to have rested on the procedural bar. See Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991); Flemming v. Matteson, 26 F.4th 1136 (9th Cir. 2022). Accordingly, the limitations period ran without pause from denial of the first petition until it expired on August 5, 2019.

None of the state court petitions that were filed after August 5, 2019, have any effect on

---

[1] Nothing before the court indicates that any of the alternate trigger dates recognized in 28 U.S.C. § 2244(d)(1) would apply.

the timeliness analysis. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (finding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (concluding state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

The federal petition was filed on August 11, 2025, approximately six years after expiration of the statute of limitations. Petitioner has made no showing of facts that might entitle him to equitable tolling, despite having been provided the opportunity to do so. Nothing in the record indicates that any extraordinary circumstance beyond petitioner's control prevented him from filing a federal petition prior to August 5, 2019. Accordingly, the motion to dismiss should be granted.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be GRANTED and this case CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, she shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE